Sneed, J.,
delivered the opinion of the Court.
The plaintiff’s right of recovery, in this action of ejectment, depends upon the proper interpretation of an instrument of writing in the words following:
“ Know' all men by these presents, that we, Moses Nelson, B. A. Nelson and John W. Nelson, have made and entered into the following contract and agreement, to-wit: I, the said Moses Nelson, give, grant, and convey unto the said John ~W. Nelson, his heirs and assigns, for the consideration of the undertaking of the said John W. Nelson as hereafter set out, and the further consideration of one dollar to me paid; the west half of the tract of land on which I live, which tract contains one hundred acres, more or less. 1 also give, grant and convey, unto the said B. A. Nelson, his heirs and assigns, for the consideration of the undertaking of the said B. A. Nelson, as hereafter set out, and the further consideration of one dollar to me paid, the east half *6 of the said one hundred acre tract, being the same fifty acres which I conveyed to him, and by him reconveyed to me, to have and to hold the said fifty acres to each of them, their heirs and assigns forever. It is expressly understood between the parties that I, the said Moses Nelson, am to retain in my own right, the title of said land until I see proper to part with it; and I am to part with the same whenever the said John W. Nelson or B. A. Nelson, or either of them, desire to sell the fifty acres thus given and conveyed to them, provided they or either of them, make to me a bond satisfactory to me to do and perform their undertaking hereafter set out, and not until then. We, the said John W. Nelson and B. A. Nelson, covenant and agree to maintain and support, for and in consideration of the above conveyance from Moses Nelson, during their natural lives, the said Moses Nelson, Elizabeth Nelson, and an old negro woman named Chloe. We bind ourselves, heirs, executors or administrators, to furnish all and singular, the necessities that may be required for the proper comfortable support and maintenance of the said Moses Nelson, Elizabeth Nelson, and old negro woman Chloe, or either of them, at our own expense and charge, during their natural lives; and this undertaking is to be borne equally between us, each paying half of said expense; in short, the said Moses Nelson, Elizabeth Nelson and negro Chloe, are, while they or either of them live, to live at our charge and expense; and the said Moses Nelson is to part with the title to said land whenever the said John W. or B. A. Nelson wish to sell it or any part of it — and they make a bond satisfying me that *7 they will honestly and faithfully carry out and perform the undertaking to maintain, support and fully provide for me and my wife, the said Elizabeth Nelson, and negro woman, as they have above set out. And I do not part with it until that is done; or, after the death of myself, my wife, and the said Chloe; in either case; the title to said land is to be fully vested in the said John "W. and B. A. Nelson, respectively, their heirs and assigns forever.
“In testimony whereof, we have hereunto set our hands and seals, the 15th of July, 1859.
[Signed] Moses NelsoN,
JohN W. Nelson,
B. A. NelsoN.”
The land in controversy is the fifty acre tract mentioned as the portion conveyed to Benj. A. Nelson as above, and was part of the grant by the State to the heirs of Daniel Vaughan, as shown in the proof. The only question necessary to be considered is the effect of the foregoing instrument upon the title, and whether Benj. A. Nelson was invested with such a legal estate in the land as was subject to execution and sale, so that the purchaser may maintain ejectment under a Sheriff’s deed founded on such sale. The land lies in Bedford county, and in the Circuit Court of that county the plaintiff recovered a judgment against the defendant, B. A. Nelson, on the 2d of August, 1859. An execution was issued and levied upon the land on the 24th of May, 1860, and the same was sold as the property of B. A. Nelson and purchased by the plaintiffs, who, on *8 the 30th of July, 1866, obtained a Sheriff’s' deed, and on that day instituted this action of ejectment. The verdict and judgment below were for the defendants, from which the plaintiffs have appealed in error.
It is unnecessary to discuss the effect of the last or closing words of the instrument in question, or whether or not the present vested legal estate in remainder thereby created, is or is not a leviable interest, out of which the plaintiffs might have realized their judgment to the extent of the value of the remainder. It is well settled that reversions and vested .remainders in real estate are subject to execution sale. Kelly v. Morgan, 3 Yerg., 437. But the plaintiffs have chosen to treat the instrument as a conveyance of the legal estate in presentí, with a right of immediate possession, and thus regarding it, they have caused their execution to be levied on the land as if held in fee simple absolute by their debtor; and the Sheriff’s deed founded upon such sale is their chief muniment of title. It is a doctrine of the law that the plaintiff in ejectment must be clothed with a perfect legal title in order to sustain his action, and that he must rely upon the strength of his own and not the weakness of his adversary’s title. 9 Johnson R, 60; 1 Swan, 146. Is the Sheriff’s deed in such a case as this, such muniment of title? We think not. The doctrine that words appropriate and purporting to convey the absolute estate, used in a deed are decisive of its construction, and are to prevail over the manifest intent of the instrument to the contrary, can not be maintained. The true rule is thus stated by this Court: “ Contracts of *9 every kind may be subject to conditions by wbicb an estate' or interest may commence or be enlarged or defeated. No tecbnical words are necessary to- create tbe condition or declare its nature. "Whether tbe contract be upon condition precedent or subsequent, are questions to be resolved by tbe intention of tbe parties, or to be collected from a careful consideration of the entire instrument. Carnes v. Apperson, 2 Sneed, 562; et vid. 9 Hum., 541; 1 Swan, 124.
Tbe levy and sale and Sheriff’s deed, is of the whole estate, and tbe validity of tbe proceeding, as an investiture of title, can only be ascertained by a construction of tbe instrument. Tbe intention of tbe parties is too evident' to admit a question. The instrument is not technically a deed of conveyance, but a deed indented, or obligation in wbicb there are more parties than one bound by reciprocal obligations to each other. 1 Bouv. L. D., 968. Tbe party of tbe first part, Moses Nelson, was tbe father, and tbe two others, tbe sons. Tbe intention to retain tbe legal title for tbe benefit of himself and wife and • bis old slave, Chloe, is predominant and pervading, and may be observed in almost every alternate line of the instrument. It is said that one of the parties, in whom tbe old man bad reposed bis hope of a maintenance for tbe declining years of tbe three beneficiaries, has left the country. Tbe other bad not performed the conditions of tbe trust, upon which the legal title was to be relinquished to him. It follows, therefore, that the defendant did not have such an estate in the land as was subject to execution at the *10 time and in tbe manner as actually levied, nor bas the plaintiff derived, under that proceeding, such a title as will enable him to maintain this action.
Judgment affirmed.